ACCEPTED
12-15-00226-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/4/2015 1:16:31 PM
Pam Estes
CLERK

## NO. 12-15-00226-CV

### IN THE COURT OF APPEALS
### TWELFTH JUDICIAL DISTRICT OF TEXAS
### TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/4/2015 1:16:31 PM
PAM ESTES
Clerk

| | | |
|---|---|---|
| **RICHARD THOMPSON**<br>**Appellant,** | §<br>§<br>§ | **APPEAL FROM THE** |
| **VS.** | §<br>§ | **COUNTY COURT AT LAW #2** |
| **BLACKBERRY LC**<br>**Appellees.** | §<br>§ | **GREGG COUNTY, TEXAS** |

### APPELLEE'S OBJECTION TO DOCKETING STATEMENT

Comes now Appellee, Blackberry LC, and files this Objection to the Docketing Statement submitted by Appellant, Richard Thompson, and for objection would show the following:

1.      The Docketing Statement incorrectly identifies Robert Anderson as the Appellee when in fact the Plaintiff in the trial court and the Appellee is Blackberry, LC, a Texas limited liability company (owned primarily by Robert Anderson).

2.      The Docketing Statement incorrectly identifies Appellee's attorney as Bradley Echols. Robert (Bob) Anderson is the attorney for Appellee. Bradley Echols is the attorney for the Receiver, Michael Reader.

3.      The nature of the case is identified on the Docketing Statement as "land title" when in fact it was a partition case. Any incidental issues regarding title such as determining the interest of each of the joint owners was decided in Order Directing Sale signed November 21, 2014, which was a final and appealable judgment.

4.      The Docketing Statement fails to identify the date of the order or judgment signed, type of judgment, and the date notice of appeal was filed in the trial court.

5.      The Appellant has checked the box stating that the judgment or order did not dispose of all parties and issues. All parties and issues have been disposed of by prior judgments and orders. It is uncertain what judgment or order Appellant appeals. The document captioned "Appeal from an Illegal Taking" which this court treated as a notice of appeal, identifies that the appeal is from a final order of August 3, 2015. This order was limited to an award of the receiver's attorney fees, allocation of proceeds from a court-ordered sale to the various co-tenants in the tract that was the subject of the partition action, and a discharge of the receiver. From statements contained in various filings by Appellant, it appears that Appellant is attacking parts of the Order Directing Sale that was signed November 21, 2014, and parts of Order Authorizing Sale of Real Property signed April 24, 2015, each of which are final, appealable orders in a partition case. Appellant filed a document that the trial court treated as a Motion for New Trial and denied the Motion for New Trial by Order dated June 5, 2015. After more than thirty (30) days passed from the Order Denying Motion for New Trial without an appeal being taken, this judgment became final and no longer subject to appeal and the property was sold. The trial court retained jurisdiction to award the receiver's fee and allocate the sales proceeds which was done by the Order signed August 3, 2015, which is the date of the order identified in Appellant's Notice of Appeal.

6.      The Docketing Statement fails to state when the reporter's record was requested and fails to state whether or not payment arrangements were made with the court reporter. Appellee

has been informed by the court reporter that no payment arrangements have been made despite requests from the reporter. Appellee has been informed by the District Clerk that no designation of papers to include in the Clerk's record has been made.

7. Appellee will note that there are other parts of the Docketing Statement that has not been completed.

8. Appellant's Certificate of Service is inaccurate and insufficient. Appellant certifies that it has served all parties to the trial court's judgment, but then in a following block where Appellant is instructed to enter information for each person served, the only person served is Bradley Echols. Not only is Bradley Echols the wrong attorney for Appellee, Appellant fails to list all of the other parties to the case who should have been served. These parties who did not default and their attorneys if they have one, are the following:

    a.    Bradley R. Echols, Attorney for Mike Reader, Receiver
        Boon Calk Echols
        Coleman & Goolsby, P.L.L.C.
        1800 N.W. Loop 281, Suite 303
        P.O. Box 151040
        Longview, Texas 75604
        E-mail: bradley.echols@boonlaw.com

    b.    John W. Moore, Attorney Ad Litem for Trial Court Defendants Timothy Callahan, The Unknown Heirs of John William Shoemaker, The Unknown Heirs of William M. McGeorge, Jr., The Unknown Heirs of Mary Clark McGeorge, and The Unknown Heirs of Any of the Above-Named Defendants Who Are Deceased, If Any
        The Law Office of John W. Moore
        P.O. Box 2841
        Longview, TX 75606-2841
        E-mail: JWMoore@JohnMooreLaw.com

    c.    Ethelwynn Bowen, Trial Court Pro Se Defendant
        1128 Sky Hawk Mountain Road
        Hiawassee, GA 30546

d.   Tony Roling, Trial Court Defendant; Waiver of Citation, Requested Notice
     P.O. Box 582
     White Oak, TX 75693
     E-mail: tonyroling@gmail.com

Wherefore, Appellee prays that the court either dismiss the appeal, order Appellant to supplement and correct its Docketing Statement, or take such other action as the court deems appropriate.

Respectfully Submitted,

SMEAD, ANDERSON & DUNN
2110 Horseshoe Lane
Longview, Texas  75605-5628
Telephone:  903.232.1880
Facsimile:  903.232.1881
E-mail: banderson@smeadlaw.com

By:_____
     Bob Anderson
     State Bar Card #01211300

ATTORNEYS FOR BLACKBERRY LC


CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Appellee's Objection to the Docketing Statement was served on the following parties by first class United States mail or as otherwise indicated on this the 4th day of November, 2015:

Richard Thompson
P.O. Box 463
West Chester, PA 19380
**Appellant**

Bradley R. Echols
Boon Calk Echols
Coleman & Goolsby, P.L.L.C.
1800 N.W. Loop 281, Suite 303
P.O. Box 151040
Longview, Texas 75604
**Attorney for Mike Reader, Receiver**

via E-mail:
bradley.echols@boonlaw.com

John W. Moore
The Law Office of John W. Moore
P.O. Box 2841
Longview, TX  75606-2841
**Attorney Ad Litem for Trial Court Defendants Timothy Callahan, The Unknown Heirs of John William Shoemaker, The Unknown Heirs of William M. McGeorge, Jr., The Unknown Heirs of Mary Clark McGeorge, and The Unknown Heirs of Any of the Above-Named Defendants Who Are Deceased, If Any**

via E-mail:
JWMoore@JohnMooreLaw.com

Ethelwynn Bowen
1128 Sky Hawk Mountain Road
Hiawassee, GA 30546
**Trial Court Pro Se Defendant**

Tony Roling
P.O. Box 582
White Oak, TX 75693
**Trial Court Defendant (Waiver of Citation, Requested Notice)**

via E-mail:
tonyroling@gmail.com

_____
Bob Anderson